James B. DAIS, Plaintiff–Appellant,

v.

LANE BRYANT, INC., Defendant–
Appellee.

No. 01–9428.

United States Court of Appeals,
Second Circuit.

Oct. 12, 2004.

James B. Dais, Brooklyn, NY, for Appellant, pro se.

Mitchell D. Goldberg, Ochs & Goldberg, New York, NY, for Appellee.

Present: STRAUB, POOLER, and *WESLEY, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED** and the pending motions are **DENIED.**

In March 1997, *pro se* appellant James B. Dais filed a complaint against Lane Bryant, Inc., alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981, and the New York State and City Human Rights Laws. In October 2001 a jury rendered a verdict for Lane Bryant, and the District Court entered a final judgment on

November 5, 2001. Dais filed his Notice of Appeal from the District Court's final judgment on November 28, 2001. Dais also filed numerous motions in this Court during the pendency of his appeal.

On appeal, Dais challenges the fairness of the proceedings in the District Court on numerous grounds, all of which we find to be without merit. Dais alleges that counsel for Lane Bryant was involved in a conspiracy and guilty of bribing a public official. Conspiracy and bribery are criminal offenses; a private citizen cannot initiate a federal criminal action. *See Conn. Action Now, Inc. v. Roberts Plating Co.,* 457 F.2d 81, 86–87 (2d Cir.1972).

Dais also alleges that the trial was tainted with fraud by Lane Bryant and misconduct by the District Court. Dais has not presented any evidence of fraud or other misconduct by anyone involved in the lawsuit. Indeed, the record indicates that the District Court gave Dais great latitude in the presentation of his case because Dais was proceeding *pro se.*

To the extent that Dais's appeal can be construed to argue that the jury verdict was against the weight of evidence, this argument must fail. Lane Bryant presented extensive evidence of Dais's problematic work record and contentious interactions with other employees so that it was reasonable for the jury to find that Dais had not carried his burden of showing that Lane Bryant had unlawfully discriminated against him in his employment.

Finally, we find Dais's claim of jury bias to be without merit. Jurors are presumed to be free of bias and Dais has made no showing to the contrary here. *See United States v. Campbell,* 300 F.3d 202, 214 (2d Cir.2002); *Zafiro v. United States,* 506 U.S. 534, 540, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993) (jurors presumed to follow instructions). Furthermore, the District Court did not abuse its broad discretion by refusing to remove juror number 7. Not only did Dais never request that the juror be removed, but the juror repeated her willingness to serve and discharge her duties fairly during the *in camera voir dire.* *See United States v. Garcia,* 936 F.2d 648, 653 (2d Cir.1991) (jurors' affirmations of impartiality during *in camera voir dire,* combined with the district judge's favorable evaluation of the prospective jurors' demeanor, provided ample grounds upon which to find that they were not biased).

Dais's battery of pending motions are either without merit or are rendered moot by the disposition of his appeal.

Accordingly, the judgment of the District Court is hereby AFFIRMED and Dais's pending motions are DENIED.